UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANTONIO L. HENDERSON, | ) | CASE NO. 1:17 CV 967 |
| Plaintiff, | ) ) ) | JUDGE JAMES S. GWIN |
| v. | ) ) | OPINION & ORDER |
| JANET R. BURNSIDE, Judge, et al., | ) ) ) | |
| Defendants. | ) | |

On May 8, 2017, Plaintiff *pro se* Antonio L. Henderson, an inmate at the Cuyahoga County Jail, filed this civil rights action against Cuyahoga County Common Pleas Judge Janet R. Burnside and Attorney Aaron Brockler. Plaintiff alleges Judge Burnside, who is presiding over pending criminal charges against him, is "too emotionally attached to the accusations," and that Attorney Brockler is being forced on him. Plaintiff further alleges he is a corporation in good standing. As relief, he would like to common pleas court to identify itself a legitimate jurisdiction so he can receive a fair trial. Plaintiff also seeks Judge Burnside's recusal from his case.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause

of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid claim, *see*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief), and the Court finds this case is therefore appropriately subject to summary dismissal. *See, Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(complaint may be summarily dismissed when claim is not arguably plausible). Further, to extent he seeks release from his current confinement, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Accordingly, this action is dismissed.

IT IS SO ORDERED.


Dated: August 24, 2017                    *s/     James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE